IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


UNITED STATES OF AMERICA

      vs.                                 2:26-cr-016(6)
                                        JUDGE ALGENON L. MARBLEY
KEVIN FOWLER


## REPORT AND RECOMMENDATION


Defendant Kevin Fowler previously pleaded not guilty to an *Indictment* charging him in Count 4 with being a felon in possession of two (2) firearms in violation of 18 U.S.C. §§ 922(g)(1), 924(a)8). *Indictment*, ECF No. 9. The *Indictment* also includes a forfeiture provision naming this defendant. *Id*. (Forfeiture B). The United States and defendant thereafter entered into a *Plea Agreement*, ECF No. 86,[1] executed pursuant to the provisions of Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure, whereby defendant agreed to enter a plea of guilty to that charge. On May 8, 2026, defendant personally appeared with his counsel for a change of plea proceeding.

At the original change of plea proceeding, held on May 6, 2026, defendant advised the attorney appointed to represent defendant in this case that counsel had been the prosecuting counsel for the United States in a criminal proceeding against defendant 37 years ago. (Defense counsel represented that he had no recollection of that fact.) The Court advised defendant of his constitutional right to conflict-free representation, and assured defendant that new counsel would be promptly appointed for him if defendant so wished. In response, defendant expressly stated that he wished to waive the conflict and to proceed with current counsel. With the agreement of

---

[1] The *Plea Agreement* contains an appellate waiver that preserves only certain claims for appeal, collateral challenge, and motion for reduction of sentence. In the *Plea Agreement,* defendant agreed to forfeit any interest that he may have in the two (2) firearms specified in Count 4 of the

the parties, the Court continued the change of plea proceeding in order to give defendant additional time to consider the matter. The Court also advised defendant that a written waiver would be required if he continued in his waiver of his right to conflict-free counsel and in his intention to proceed with his current appointed counsel. Defendant has now filed that written waiver. *Defendant's Notice of Waiver of Actual or Potential Conflict*, ECF No. 95.

Defendant consented, pursuant to 28 U.S.C. §636(b)(3), to enter a guilty plea before a Magistrate Judge.  *See United States v. Cukaj,* 25 Fed.Appx. 290, 291(6th Cir. 2001)(Magistrate Judge may accept a guilty plea with the express consent of the defendant and where no objection to the report and recommendation is filed).

During the plea proceeding, the undersigned observed the appearance and responsiveness of defendant in answering questions. Based on that observation, the undersigned is satisfied that, at the time he entered his guilty plea, defendant was in full possession of his faculties, was not suffering from any apparent physical or mental illness and was not under the influence of narcotics, other drugs, or alcohol.

Prior to accepting defendant's plea, the undersigned addressed defendant personally and in open court and determined his competence to plead.  Based on the observations of the undersigned, defendant understands the nature and meaning of the charge in Count 4 of the *Indictment* and the consequences of his plea of guilty to that charge. Defendant was also addressed personally and in open court and advised of each of the rights referred to in Rule 11 of the Federal Rules of Criminal Procedure.

Having engaged in the colloquy required by Rule 11, the Court concludes that defendant's plea is voluntary.  Defendant acknowledged that the *Plea Agreement* signed by him, his attorney, and the attorney for the United States and filed on April 8, 2026, represents the only promises made by anyone regarding the charge in the *Indictment*.

---

*Indictment*, as well as in associated ammunition.

2

Defendant was advised that the District Judge may accept or reject the *Plea Agreement* and that all sentencing terms will be determined by the District Judge. Defendant was further advised that, even if the District Judge refuses to accept any provision of the *Plea Agreement* not binding on the Court, or if the sentence imposed is more severe than the sentence that defendant expected, defendant may nevertheless not withdraw his guilty plea on that basis.

Defendant confirmed the accuracy of the statement of facts supporting the charge, which is attached to the *Plea Agreement*. He confirmed that he is pleading guilty to Count 4 of the *Indictment* because he is in fact guilty of that crime. The Court concludes that there is a factual basis for the plea.

The Court concludes that defendant's plea of guilty to Count 4 of the *Indictment* is knowingly and voluntarily made with understanding of the nature and meaning of the charge and of the consequences of the plea.

It is therefore **RECOMMENDED** that defendant's guilty plea to Count 4 of the *Indictment* be accepted. Decision on acceptance or rejection of the *Plea Agreement* was deferred for consideration by the District Judge after the preparation of a presentence investigation report.

In accordance with S.D. Ohio Crim. R. 32.1, and as expressly agreed to by defendant through counsel, a written presentence investigation report will be prepared by the United States Probation Office. Defendant will be asked to provide information; defendant's attorney may be present if defendant so wishes. Objections to the presentence report must be made in accordance with the rules of this Court.

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b). Response to objections must be

3

filed within fourteen (14) days after being served with a copy thereof.  F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a forfeiture of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See United States v. Wandahsega,* 924 F.3d 868, 878 (6th Cir. 2019); *Thomas v. Arn,* 474 U.S. 140 (1985).

May 8, 2026                                             *s/  Norah McCann King*
 Date                                            Norah McCann King
                                                United States Magistrate Judge

4